Michael A. Siddons
Attorney ID #017592008
The Law Firm of Michael Alan Siddons
230 N. Monroe Street
PO Box 403
Media, PA 19063
Tel: 484-614-6546
msiddons@siddonslaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | | |
|---|---|---|
| JAMAL RAHMAN, | : | |
| Plaintiff, | : | Civil Case No.: 2:20-cv-7019 |
| vs. | : | |
| ALLY FINANCIAL INC., | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, JAMAL RAHMAN (Plaintiff), through his attorney, The Law Firm of Michael Alan Siddons, alleges the following against Defendant, ALLY FINANCIAL INC. (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in City of Bayonne, Hudson County, State of New Jersey.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a Delaware-incorporated business corporation with its headquarters in the City of Detroit, Wayne County, State of Michigan.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Defendant is attempting to collect a consumer debt from Plaintiff, originating from a Quicken Loans mortgage.

14. The alleged debt owed arises from transactions for personal, family, and household purposes.

15. In or around August 2015, Plaintiff's home was sold at a foreclosure auction resulting in a deficiency judgment.

16. In or around March 2020, Plaintiff received a notice from Defendant in an attempt to collect the alleged debt.

17. The above-referenced notice from Defendant failed to disclose that the initial written communication was from a debt collector and that any information obtained will be used for that purpose.

18. On or around April 1, 2020, Plaintiff received a second notice from Defendant, in an attempt to collect the alleged debt, attached hereto as Exhibit A.

19. The aforementioned notice from Defendant failed to disclose that the subsequent written communication was from a debt collector and that any information obtained would be used for that purpose.

20. The aforementioned notice from Defendant failed to disclose the total amount of the alleged debt.

21. The aforementioned notice from Defendant failed to disclose the name of the original creditor to whom the alleged debt was owed.

22. The aforementioned notice from Defendant failed to inform Plaintiff of his rights under the FDCPA.

23. The aforementioned notice from Defendant failed to inform Plaintiff on how to dispute the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of any debt;

   b. Defendant violated §1692e(11) of the FDCPA by failing to disclose in the initial written communication to Plaintiff, that the initial communication was from a debt collector and that any information would be used for that purpose;

   c. Defendant further violated §1692e(11) of the FDCPA by failing to disclose in the subsequent written communication to Plaintiff, that the communications were from a debt collector;

   d. Defendant violated §1692g(a)(1) of the FDCPA by sending Plaintiff a written notice which failed to contain the total amount of the alleged debt owed by Plaintiff;

   e. Defendant violated §1692g(a)(2) of the FDCPA by sending Plaintiff a written notice which failed to contain the name of the original creditor to whom the alleged debt was owed;

   f. Defendant violated §1692g(a)(3) of the FDCPA by sending Plaintiff a written notice which failed to contain a statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant;

   g. Defendant violated §1692g(a)(4) of the FDCPA by sending Plaintiff a written notice which failed to contain a statement that if Plaintiff notifies Defendant in

    writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant will obtain verification of the debt or a copy pf a judgment against Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by Defendant; and

    h. Defendant violated §1692g(a)(5) of the FDCPA by sending Plaintiff a written notice which failed to contain a statement that, upon Plaintiff's written request within the thirty-day period, Defendant will provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

25. Defendant's acts as described above were done intentionally with the purpose of deceiving Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, JAMAL RAHMAN, respectfully requests judgment be entered against Defendant, ALLY FINANCIAL INC., for the following:

27. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

28. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

29. Any other relief that this Honorable Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

June 9, 2020                    By:/s/ Michael A. Siddons_____
                                       Michael A. Siddons
                                       Attorney for Plaintiff

# EXHIBIT A

**ally**

866-401-4742
ally.loanadministration.com

April 01, 2020

Hours of Operation:
Customer Service: Monday - Friday, 8:30 AM to 8:00 PM ET
Collections Dept.: Monday - Friday, 8:30 AM to 10:00 PM ET

Jamal Rahman
141 W 2nd St
Bayonne NJ 07002 5201

Qualified Written Requests, notifications of error, or requests for information concerning your loan must be directed to:
PO Box 77423, Ewing, NJ 08628

RE: Loan Number: 0057734634
Property Address: 443 Hickory Valley Rd
Stroudsburg PA 18360

Dear Customer:

Please be informed that your balloon loan will mature on June 1, 2021. On this date, a lump sum payment will be due consisting of the unpaid principal balance of the loan, any accrued interest, and all other amounts due. You may pay off the loan in full on or before this date.

You will be sent another notice about the approaching maturity of the loan approximately six months prior to the above-referenced maturity date.

If you need additional information or clarification, please do not hesitate to contact us at 866-401-4742. You can also manage and view your account information online via our website at ally.loanadministration.com.

Thank you for your business.

Sincerely,

Special Products Department
BL014 029 NBO EX

